**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4126**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RANDOLPH LEE MCNEILL,

        Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:09-cr-00080-BO-1)

—————————

Submitted:   March 18, 2011       Decided:   March 24, 2011

—————————

Before KING, GREGORY, and DAVIS, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant.   George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph Lee McNeill appeals his conviction after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, McNeill asserts that the district court erred in failing to instruct the jury on the affirmative defense of justification and in denying his Fed. R. Crim. P. 29 motions for judgment of acquittal. We affirm.

"A defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." United States v. Ricks, 573 F.3d 198, 200 (4th Cir. 2009) (internal quotation marks and alteration omitted). "A district court's refusal to instruct the jury on such a defense presents a question of law that we review de novo." Id. This court has also recognized that if "'an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.'" United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994) (quoting United States v. Bailey, 444 U.S. 394, 416 (1980)). Our review of the record convinces us that the district court correctly concluded that the evidence was insufficient to merit instructing the jury on the justification

defense. See United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989).

Additionally, we review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). We will uphold the jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, this court considers both circumstantial and direct evidence and allows the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

To convict McNeill of violating 18 U.S.C. § 922(g)(1), the Government was required to prove that (1) he was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed, transported, or received a firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). At trial, McNeill stipulated

3

that he previously had been convicted of a felony, and he does not dispute on appeal that he knowingly possessed a Hi-Point Model 995 nine-millimeter rifle. Further, our review of the evidence viewed in the light most favorable to the Government convinces us that substantial evidence supports the jury's finding that the rifle traveled in interstate commerce. Accordingly, the district court did not err in denying McNeill's Rule 29 motions.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED